Filed 11/20/13  In re Melissa M. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re MELISSA M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MELISSA M.,<br><br>        Defendant and Appellant. | A139016<br><br>(Contra Costa County<br>Super. Ct. No. J12-01218) |

Appellant Melissa M. was declared a ward of the juvenile court after a finding that she had committed two second degree robberies.  She was initially committed to a custodial treatment program but, subject to conditions of probation, was later returned to her parents' custody.  Melissa subsequently admitted that she had violated certain of those conditions.  After a contested dispositional hearing, the court recommitted Melissa to the treatment program for a maximum period of six years.  She appeals from the dispositional order.

Assigned counsel has submitted a *Wende*[1] brief, certifying that counsel has been unable to identify any issues for appellate review.  Counsel also has submitted a declaration confirming that Melissa has been advised of her right to personally file a supplemental brief raising any points which she wishes to call to the court's attention.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

No supplemental brief has been submitted. As required, we have independently reviewed the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110.)

We find no arguable issues and therefore affirm.

## I. BACKGROUND

No appeal was taken from the court's jurisdictional orders. We therefore discuss the facts underlying Melissa's offenses only as relevant to the final dispositional order—the sole issue presented on appeal.[2]

On June 15, 2012, Melissa approached V.G. and B.R. near Richmond High School. When they refused her demand for money, Melissa returned with several other girls. One girl demanded a necklace from B.R. and attempted to take her purse. Melissa told V.G. to give up her backpack, and punched V.G. in the head several times when she refused. Melissa and another girl told the victims that they "better not snitch."

Following a contested jurisdictional hearing, the court sustained the allegations in an amended wardship petition that Melissa had committed two felony counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)). On October 3, 2012, the court held a contested dispositional hearing, finding Melissa to be a ward of the court. Melissa was removed her from her parents' custody and committed to the Girls In Motion (GIM) treatment program for a maximum period of six years with 47 days credit for time served in juvenile hall. Probation conditions included attending school regularly; not using or possessing illegal drugs or alcohol; participating in individual and family counseling, as well as anger management, theft and victim awareness courses; writing a 250-word letter of apology to each victim; having no contact with the victims or a coparticipant; paying a $200 restitution fine; and paying victim restitution in an amount to be determined.

On February 4, 2013, the court set aside the GIM commitment and released Melissa to the custody of her parents. The court ordered 30 days of home supervision and victim restitution.

---

[2] The facts of the sustained petition are set forth in a probation report filed on October 3, 2012.

On April 9, 2013, the probation department filed a notice of probation violation (Welf. & Inst. Code, § 777) alleging that Melissa violated the terms of her probation. It was alleged that Melissa had been suspended from school on two occasions for being in an unauthorized area with three other students who were allegedly smoking an illegal substance; that she failed to abide by the rules of a Kaiser substance abuse program in Oakland; failed to submit a urine sample for drug testing; and had admitted to smoking marijuana on one occasion and "spice" (synthetic marijuana) on another occasion.

A hearing on the probation violation was held on April 17, 2013. Melissa was represented by counsel, waived her rights on the record,[3] and admitted the alleged violations with the exception of failing to abide by the Kaiser program's rules and failing to provide a urine sample. These latter two allegations were stricken, and the court ordered Melissa detained pending the dispositional hearing.

On May 1, 2013, the court held a contested dispositional hearing. An April 12, 2013 report from the Kaiser program in Oakland noted that Melissa had not been compliant with that program's requirements, and recommended "a program . . . with more structure and safety that could offer her a higher level of care." The probation report advised the court that Melissa "does not take accountability for her actions and continues to blame others and make excuses for her behavior. The JAIS assessment tool indicates the minor appears to have a high risk for re-offending. She is in need of a structured setting that offers an intense substance recovery program, as well as educational opportunities so she can continue on her academic level." The probation officer recommended that Melissa participate in an intensive outpatient substance abuse treatment program preceding participation in a 60-day inpatient program through Kaiser, and that she be placed on home supervision pending inpatient treatment.[4] Melissa asked that she not be returned to the GIM program and be allowed to enroll in the Outpatient

_____

[3] The waiver included a waiver of the right to appeal from the jurisdictional findings.

[4] Since Melissa would not be accepted for return to the Oakland Kaiser program, the probation department sought a referral to a Kaiser program in Vallejo.

Adolescent Treatment Services (OATS) program. An OATS program coordinator, however, advised the court that Melissa needed "a higher level of treatment services" than OATS would be able to provide. The court found Melissa had not stayed long enough at GIM during her earlier commitment to permit rehabilitation, ordered her recommitted to that program for a maximum period of six years with credit for time served, and calendared a 90-day review hearing.

Melissa filed a timely notice of appeal from the disposition order on June 15, 2013.

## II. DISCUSSION

The juvenile court has long enjoyed great discretion in the disposition of juvenile matters. (*In re Greg F.* (2012) 55 Cal.4th 393, 411.) The standard of review of juvenile court commitment decisions is well established. A juvenile court's dispositional order may be reversed on appeal only upon a showing the court abused its discretion. " ' "We must indulge all reasonable inferences to support the decision of the juvenile court and will not disturb its findings when there is substantial evidence to support them." ' [Citation.]" (*In re Robert H.* (2002) 96 Cal.App.4th 1317, 1330.)

No arguable issue is presented as to the dispositional order. Section 730 of the Welfare and Institutions Code authorizes the juvenile court to place a delinquent ward under the care, custody, and control of the probation officer by a juvenile home placement order.[5] Melissa's appellate brief focuses on facts perhaps relevant to her initial placement in the GIM program, but that dispositional order is not before us on this appeal.[6] She lists factors that might have justified a different order in her most recent placement, but none of those factors mandate a different result, or demonstrate an abuse

---

[5] "When a minor is adjudged a ward of the court on the ground that he or she is a person described by Section 602 [of the Welfare and Institutions Code], the court . . . may commit the minor to a juvenile home, ranch, camp, or forestry camp. . . ." (Welf. & Inst. Code, § 730, subd. (a).)

[6] Nor is any record of that hearing provided.

4

of the court's discretion. We find no abuse of discretion in the out-of-home placement ordered by the court.

## III. DISPOSITION

The May 1, 2013 dispositional order of the juvenile court is affirmed.

_____

Bruiniers, J.

We concur:

_____

Simons, Acting P. J.

_____

Needham, J.